IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW BURR,

                      Plaintiff,                     OPINION AND ORDER

v.

                                                    20-cv-566-wmc

MCNEIL AND MYERS RECEIVABLES
MANAGEMENT GROUP, LLC,

                      Defendant.

---

      Plaintiff Matthew Burr alleges that defendant McNeil and Myers Receivable Management Group, LLC, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by failing to report his debt to TransUnion credit reporting agency after plaintiff disputed it.  (Compl. (dkt. #1).)  Defendant failed to answer plaintiff's complaint, and default has been entered against it.  (Dkt. #10.)  Before the court is plaintiff's motion for default judgment, seeking $1,000 in statutory damages and $3,530 in attorney's fees and costs.  (Dkt. #11.)  On November 18, 2020, the court held a telephonic hearing on plaintiff's motion, at which plaintiff appeared by counsel.  Defendant did not appear.  Having reviewed plaintiff's supplement (dkt. #18) and having received no response from defendant despite providing it with another opportunity, the court will now grant the motion and enter judgment in the modified, requested amount of $4,155.

BACKGROUND

      Plaintiff alleges that his attorney disputed his debt with defendant on December 4, 2019, yet defendant continued to report the debt to TransUnion without indicating that

it was under dispute at least through February 3, 2020. (Compl. (dkt. #1) ¶¶ 11-16.)

Plaintiff filed this complaint on June 22, 2020. (Dkt. #1.) Defendant was served on June 20, 2020, making its answer due by August 10, 2020. (Dkt. #3.) On August 10 and again on August 26, 2020, *plaintiff* sought an extension on defendant's behalf, but defendant still failed to file an answer, move or otherwise respond to the complaint by the final, extended deadline of September 4, 2020. (Dkt. #7.) On September 17, 2020, plaintiff moved for entry of default against defendant (dkt. #8), and the clerk of courts entered default on September 28, 2020 (dkt. #10).

OPINION

In *Evans v. Portfolio Recovery Associates, LLC*, 889 F.3d 337, 349 (7th Cir. 2018), the Seventh Circuit held that a debt collector's failure to inform a credit reporting agency that the debtor disputed his or her debt will always be a material violation of the FDCPA. The allegations in the complaint establish just such a failure, albeit a bare bones one.

While "the well-pleaded allegations of the complaint relating to liability are taken as true" for purposes of the court's consideration of a motion for default judgment, facts "relating to the amount of damages suffered must be proved." *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990); *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). In his original submission, plaintiff seeks two categories of damages: (1) statutory damages in the maximum amount of $1000; and (2) reasonably attorneys' fees and costs in the amount

of $3,530.[1]

As for the statutory damages award, in addition to actual damages, 15 U.S.C. § 1692k(a)(2)(A) contemplates an award of statutory damages against a debt collector violating any provision of the FDCPA in an amount not exceeding $1,000.  In awarding statutory damages, the statute further provided that the court should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C.A. § 1692k(b)(1).

Here, plaintiff contends that the "noncompliance went so far as to violate [a] straightforward provision of the FDCPA," and while only one event is known, "the Defendant's violation exposed consumer to 'a real risk of financial harm caused by an inaccurate credit rating.'"  (Pl.'s Br. (dkt. #13) 5-6 (quoting *Evans*, 889 F.3d at 346).)  While this record is thin, a debt collector must note that a debt is in dispute with a credit reporting agency, and that its failure to do so could materially affect a consumer's credit score.  During the November 18 hearing, plaintiff asked to supplement the record to establish an ongoing violation, which the court granted.  (Dkt. #17.)   In his supplement, plaintiff represents that "defendant has removed the applicable tradeline altogether," and therefore seeks a reduced award of $500.  (Dkt. #18.)  The court finds the reduced request reasonable and will award plaintiff $500 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

---

[1] As described below, in a supplement, plaintiff modified his statutory damages request to $500, but also requested an additional attorney's fee award of 25 billable minutes, which equates to $125, for the time spent on the hearing and in preparing the supplement.  (Dkt. #18.)

As for the attorney's fee and cost request, the FDCPA also permits a prevailing plaintiff to recovery reasonable attorney's fees and costs. 15 U.S.C. § 1692k(3). In his brief and plaintiff's counsel's declaration submitted in support of his fee request, plaintiff's counsel provides support for his hourly rate of $300 -- an hourly rate recently endorsed by Judge Peterson in *Jewell v. HSN, Inc.*, No. 19-cv-247-jdp (W.D. Wis. Aug. 14, 2020) -- and detailed time records reflecting that he spent 11.20 hours on this case and further represents that he spent an additional 25 minutes during the hearing and preparing the supplement. (Pl.'s Br. (dkt. #13) 6; Lein Decl., Ex. 2 (dkt. #15-2); Supplement (dkt. #18).) As such, the court concludes that plaintiff's request for fees in the amount of $3,155 is reasonable and adequately supported by plaintiff's submission. Moreover, plaintiff requests reimbursement of $500 in costs, reflecting the $400 filing fee and $100 service fee. (Lein Decl., Ex. 2 (dkt. #15-2).) The court also finds this request reasonable. As such, the court will also award plaintiff $3,655 in attorney's fees and costs.

ORDER

IT IS ORDERED that:

1) Plaintiff Matthew Burr's motion for default judgment (dkt. #11) is GRANTED. The court awards plaintiff $4,155 against defendant McNeil and Myers Receivables Management Group, LLC.

2) The clerk's office is directed to enter judgment accordingly and close this case.

Entered this 30th day of November, 2020.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge